## Case No. 13,218.

### SPAULDING v. McGOVERN et al.

### [1 N. J. Law J. 259.]

Circuit Court, D. New Jersey. Aug. 21, 1878.

BANKRUPTCY—FRAUDULENT CONVEYANCE FOR BENEFIT OF WIFE—VOLUNTARY SETTLEMENT.

A voluntary settlement by one who is indebted is fraudulent and void if the debts and contingent liabilities existing at the time of the conveyance are paid by contracting other obligations, which afterwards result in insolvency.

Bill to set aside a conveyance by a bankrupt to his wife, alleged to be in fraud of creditors. [Demurrers to the bill were formerly overruled. Case No. 13,217.]

NIXON, District Judge. The proofs sustain the allegations of the bill so far as the real estate is concerned. It is conceded that the transfer was purely voluntary. There is no pretense that the conveyance was founded upon any valuable consideration, nor is there any doubt but that he was largely in debt at the time the transfer took place. He was a wholesale and retail dealer in provisions, purchasing goods mainly upon a monthly credit, and paying his liabilities from time to time with the daily receipts of his business. The petition in bankruptcy was filed against him in January, 1870, and his indebtedness then amounted to upwards of $30,000, and his assets would not pay more than 40 per cent. If he had suffered any serious losses to bring about this state of things, since the conveyance of the real

estate to his wife in July, 1866, the law casts upon him the duty of showing the fact. His silence authorizes the legal presumption that he was insolvent when the transfer was made. It appears that there was one contingent liability of a grave character hanging over him at the date of the conveyance, for a tort alleged to have been committed by him against his wife's sister. The evidence shows quite conclusively that the transfer was made to place the property beyond the reach of this claim. Cotemporaneous with the conveyance a suit was brought upon it, which resulted in a verdict against him for $3,500, a part of which remains unsatisfied. But if this judgment had been paid in full, it would not help the defendants. The principle is well settled in law and common sense that a voluntary settlement by a man who is indebted is fraudulent and void, if the debts and contingent liabilities existing at the time of the conveyance are paid by contracting other obligations, which afterwards result in insolvency. Antrim v. Kelly [Case No. 494].

It was the opinion of Lord Chancellor Hardwicke, as expressed in Townshend v. Windham, 2 Ves. Sr. 11, that "a man actually indebted, and conveying voluntarily, always means to defraud creditors." The sentiment was indorsed by Chancellor Kent in Reade v. Livingston, 3 Johns. Ch. 496, and is so much a principle of natural justice, that it may be said to exist in our jurisprudence, independent of the statute of frauds. The deed, being fraudulent and void as to creditors, must be set aside. The consequence is that all subsequent creditors are let in to share in the fund pro rata, on the principle of equal apportionment on marshalling of assets. Kehr v. Smith, 20 Wall. [87 U. S.] 36.

Let a decree be entered in favor of the complainant, as to real estate, and let the assignee, who represents all the general creditors of the bankrupt, hold the property, subject to the mortgage existing at the time of the transfer, for their equal benefit.